**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DAVID A. RODRIGUEZ,**

        **Plaintiff,**

**v.**                                         **Case No:   6:18-cv-1375-Orl-41GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **DEFENDANT SECOND AMENDED MOTION FOR PARTIAL DISMISSAL FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6), OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 19)**
>
> **FILED:**    **December 6, 2018**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part.**

**I.    BACKGROUND.**

On August 20, 2018, Claimant filed a Complaint against Defendant, Commissioner of Social Security ("Commissioner"), seeking appellate review of a final administrative decision denying Claimant's claim for Social Security disability benefits. Doc. No. 1 at 2. As part of his Complaint, Claimant seeks to challenge the constitutional validity of the appointment of the

Administrative Law Judge ("ALJ") who rendered the unfavorable decision in his case. Doc. No. 1 at 2-3. The challenge at issue shall be referred to as the "Appointments Clause Challenge."[1] Claimant seeks remand for a new hearing before a properly appointed ALJ. Doc. No. 1 at 2-3. On November 13, 2018, the Commissioner filed an answer and asserted as an affirmative defense that Claimant is not entitled to relief because Claimant did not raise an Appointments Clause Challenge during the administrative proceedings below. Doc. No. 11 at 2. On November 13, 2018, the Commissioner filed a motion to dismiss plaintiff's Appointments Clause Challenge. Doc. No. 14. On November 14, 2018, the Commissioner filed an amended motion to dismiss on the same basis. Doc. No. 15. On November 30, 2018, Claimant filed a response to the amended motion to dismiss. Doc. No. 18.

On December 6, 2018, the Commissioner filed a Second Amended Motion for Partial Dismissal for Failure to State a Claim pursuant to Rule 12(b)(6), or alternatively a motion for partial summary judgment on Claimant's Appointments Clause Challenge (the "Motion"). Doc. No. 19. On December 17, 2018, this Court issued an Order denying the Commissioner's amended motion to dismiss as moot. Doc. No. 20. On December 20, 2018, Claimant filed a Response in Opposition to Defendant's Second Amended Motion (the "Response"). Doc. No. 21.

The Commissioner argues that Claimant cannot raise an Appointment Clause Challenge for the first time on appeal. Doc. No. 19 at 3. The Commissioner argues that Claimant's Appointments Clause Challenge is "nonjurisdictional" and is waived because Claimant failed to raise the issue at any stage of the administrative proceedings. Doc. No. 19 at 4. The

---

[1] The Appointments Clause of the U.S. Constitution lays out the permissible methods of appointing "Officers of the United States." Art. II, § 2, cl. 2. Administrative Law Judges, such as those who serve the Commissioner and conduct review hearings, are subject to the Appointments Clause and are distinct from regular government employees. *See Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018). As an Officer of the United States, an ALJ for the Commissioner must be properly appointed under the Appointments Clause and only a properly appointed officer can render decisions in Social Security cases. *See id.*

Commissioner also argues that this is not a "rare" case which would justify excusing the delay and avoiding forfeiture.  Doc. No. 19 at 6, 9.  Finally, the Commissioner argues that excusing the failure to raise the challenge at the administrative level will harm the efficiency of the administrative process and result in thousands of previously decided cases being remanded back to the administrative level.   Doc. No. 19 at 10, 11.

In his Response, Claimant argues that the Motion is untimely filed, fails to comply with Local Rule 3.01(g), and cannot be considered as a summary judgment motion because the Commissioner failed to reference Federal Rule of Civil Procedure 56 in the Motion specifically.  Doc. No. 21.   Claimant also argues that the claim was properly raised before this Court and did not have to be raised before the Appeals Council to be timely.   Doc. No. 21 at 7.

## II.    STANDARD OF REVIEW.

The Commissioner seeks dismissal or alternatively summary judgment on Claimant's Appointments Clause Challenge.   Doc. No. 19.   As the Commissioner asks this Court to consider materials outside the four corners of the Complaint, namely the administrative record, and Claimant does not seek to exclude the administrative record from consideration, treating the Motion as one for summary judgment is appropriate. Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party, who must go beyond the pleadings and present affirmative evidence to show that a genuine

issue of material fact does exist. *Liberty Lobby, Inc.,* 477 U.S. at 257; *see* Fed. R. Civ. P. 56(c). In resolving a summary judgment motion, the Court must view the record evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

### III.   ANALYSIS.

The Commissioner argues that Claimant did not raise the Appointments Clause Challenge at the administrative level.  Doc. No. 19 at 2.  The record reflects that Claimant did not raise this challenge at the administrative level and Claimant offers nothing in response to the Motion that disputes that fact. Doc. Nos. 13, 21. Instead, Claimant only argues that an Appointments Clause Challenge can be raised for the first time on appeal pursuant to *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018).  Doc. No. 21 at 7.  Thus, the question becomes a purely legal question of whether the failure to raise the Appointments Clause Challenge at any point in the administrative proceedings precludes raising the issue for the first time at the district court level.

A party who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief.  *Ryder v. United States*, 515 U.S. 177, 182-83 (1995); *Lucia*, 138 S. Ct. at 2055.   In *Lucia*, the Supreme Court found that Lucia made a timely challenge when he "contested the validity of Judge Elliot's appointment before the Commission [SEC], and continued pressing that claim in the Court of Appeals." *Id.*   Similarly, in *Ryder* plaintiff challenged the composition of the Coast Guard Court of Military Review while his case was pending before that court on direct review.  *Ryder*, 515 U.S. at 182.  However, where a claimant fails to raise an appointments clause challenge in the administrative proceedings below, he has waived the claim.  *Field v. Comm'r of Soc. Sec.*, No. 6:18-cv-119-Orl-37KRS (M.D. Fla. Oct. 15, 2018) (citing *Thurman v. Comm'r of Soc. Sec.*, No. 17-cv-35-LRR, 2018 U.S. Dist. LEXIS

153449, at *24-26 (N.D. Iowa Sept. 10, 2018)); *Velasquez v. Berryhill*, No. 17-17740, 2018 U.S. Dist. LEXIS 218245, at *5-6 (E.D. La. Dec. 17, 2018) (citing cases from multiple jurisdictions where the courts found the failure to raise this issue at the administrative level forfeits a claimant's appointments clause challenge).

To the extent Claimant relies on *Sims v. Apfel*, 530 U.S. 103, 112 (2000), his reliance is misplaced. Doc. No. 21 at 7. Claimant argues that, under *Sims*, claimants need not exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues. *Id.* at 112. The issue presented here is not whether Claimant must raise his Appointment Clause Challenge at the appeals council level, rather it is whether Claimant must have raised the challenge *at some point* during the proceedings before the agency. If Claimant had presented his Appointments Clause Challenge to the ALJ or the Appeals Council, then it would have been preserved. *Sims* does not support Claimant's contention that he may raise an Appointments Clause challenge for the first time on appeal to this Court. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (issue must be raised in the administrative proceedings below); *Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003).

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 19) be **GRANTED in part** and **DENIED in part** as follows:

1. Partial summary judgment should be **GRANTED** as to Claimant's Appointments Clause Challenge; and
2. The remainder of the Motion should be **DENIED.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives

that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Done in Orlando, Florida on February 5, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party